UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:93-CV-317 |
| | ) | |
| GLENN S. MARTIN, JR., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER APPOINTING RECEIVER & TEMPORARY RESTRAINING ORDER

This matter is before the Court on the *ex parte* motion of the United States for appointment of a receiver pursuant to 28 U.S.C. § 3203(e) and for issuance of a temporary restraining order pursuant to the All Writs Act, 28 U.S.C. § 1651, in aid of this Court's jurisdiction to effectuate and prevent the frustration of the Court's previously issued writs for enforcement of the judgment in this case and to effectuate and prevent the frustration of an order appointing a Receiver. It appears to the Court as follows:

1. On September 30, 1997, this Court entered judgment against the defendant in the amount of $1,791,727.27, plus interest and surcharge as allowed by law, for civil penalties associated with the defendant's violation of various provisions of the federal tobacco program.

2. Only $625,040.00 has been paid toward satisfaction of the judgment. The outstanding balance on the judgment, as of December 18, 2012, totals $5,421,570.85.

3. The defendant has assets that can be liquidated with sale proceeds applied to the outstanding judgment debt.

4. Since entry of the judgment, the defendant has made no voluntary payment towards the debt. At each attempt by the United States to enforce the judgment, the defendant

has attempted to avoid enforcement, including operating an undisclosed, shadow business during the pendency of the defendant's bankruptcy case.

5. It appears to the Court that pending an execution sale, there is substantial danger that assets subject to execution may be removed from the jurisdiction of the Court, materially injured or damaged, or mismanaged.

6. The Court also finds that issuance of a temporary restraining order is necessary and appropriate to aid this Court's jurisdiction in this case and that issuance of such an order is necessary and appropriate to effectuate and prevent the frustration of orders the Court has previously issued in its exercise of its jurisdiction. The court finds that, notwithstanding the remedies available to the United States under the Federal Debt Collection Procedure Act, 28 U.S.C. § 3001 *et seq.,* the Court may and should issue a restraining order to ensure that the defendant's assets are not wasted or secreted.

7. Although the Court finds that issuance of a temporary restraining order is authorized under the All Writs Act, the Court also finds that (1) the United States is likely to succeed on the merits concerning its right to execute on the defendant's assets; (2) the United States may suffer irreparable harm absent the temporary restraining order because the defendant will be able to sell assets and secret the proceeds from the government; (3) the temporary restraining order will not cause substantial harm to others, especially considering the Court's simultaneous appointment of a Receiver; and (4) a temporary restraining order in this case would favorably impact the public interest – collection of debt owed to the United States.

NOW THEREFORE, the Court appoints Richard F. Ray, Post Office Box 938, Jonesborough, Tennessee, as Receiver to assume control, investigate the financial affairs, and

2

Case 2:93-cv-00317-JRG Document 81 Filed 12/20/12 Page 2 of 4 PageID #: 465

liquidate the non-exempt assets of the defendant. The Receiver shall be empowered to make all business decisions regarding the sale of agricultural product and any other non-exempt personal or real property owned by the defendant. The Receiver shall retain such rights until the now existing agricultural product or other non-exempt personalty is sold or the United States no longer has an interest in it. The Receiver may seek the assistance of the United States Marshals Service in the sale of the defendant's non-exempt property, and such sale shall be in accordance with the laws of the State of Tennessee.

IT IS FURTHER ORDERED that the Receiver and any professional employed by the Receiver shall be compensated monthly for his or their services by presenting to the Court an application reflecting work performed and a proposed order of approval. All approved compensation shall be paid from proceeds of the liquidation of the agricultural product and other non-exempt personalty (as well as any real property that the Receiver might discover). Should the liquidation of the assets generate proceeds greater than necessary to satisfy the indebtedness to the United States, then the excess shall be paid into the registry of the Court. The Receiver shall be bonded in accordance with the value of the assets, but no less than $1,000,000, subject to reimbursement from liquidation of the assets.

IT IS FURTHER ORDERED that the defendant, Glenn S. Martin, Jr., shall be restrained from selling, transferring, encumbering, giving away, hiding, secreting, destroying, damaging, dissipating, or in any way diminishing the value of any non-exempt assets owned by the defendant, whether held in his name or the name of another, and from withdrawing and/or dissipating any funds from accounts held in his name until the Receiver appointed by this Order takes control over the defendant's non-exempt property.

IT IS FURTHER ORDERED that the defendant shall keep records of any and all transactions relating to personal property claimed to be exempt so that such records can be produced to the Receiver, and the defendant is hereby ordered to produce such records to the Receiver.

IT IS FURTHER ORDERED that this restraining order shall remain in effect until further order of the Court.

J. RONNIE GREER
UNITED STATES DISTRICT JUDGE